IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN MILLER and JAMES DENTON,<br><br>    Plaintiffs,<br><br>v.<br><br>BMW SPORTSWEAR, INC. and GQ SPORTS, YOUSUF TABANI, individually and as President of BMW SPORTSWEAR, INC. and GQ SPORTS, and ESMAIL SOHDA, individually and as Owner of BMW SPORTSWEAR, INC. and GQ SPORTS,<br><br>    Defendants. | FILED<br>FEBRUARY 6, 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>PH  08 C 785<br><br>JUDGE CONLON<br>MAGISTRATE JUDGE COLE<br><br>JURY DEMANDED |

## COMPLAINT

**NOW COME** Plaintiffs CALVIN MILLER and JAMES DENTON, by and through their attorneys, Jonathan C. Goldman and Arthur R. Ehrlich of GOLDMAN & EHRLICH, and as their Complaint against Defendants, BMW SPORTSWEAR, INC. and GQ SPORTS, YOUSUF TABANI, individually and as President of BMW SPORTSWEAR, INC. and GQ SPORTS, and ESMAIL SOHDA, individually and as owner of SPORTSWEAR, INC. and GQ SPORTS, state as follows:

### I. THE NATURE OF THE ACTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115, *et seq.*, for Defendants' failure to pay Plaintiffs overtime pay for time worked in excess of forty (40) hours during an individual work week, for Defendants' failure to pay minimum wages, and for Defendants' failure to pay Plaintiffs' their wages in their last paychecks.

### II. JURISDICTION, VENUE AND JURY DEMAND

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, arising under the provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This Court has supplemental

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

jurisdiction pursuant to 28 U.S.C. §1367 with regard to the Illinois statutory claims.

3. Venue lies in the Northern District of Illinois inasmuch as the events giving rise to Plaintiffs' claims occurred in this judicial district and all parties are domiciled in, and Defendants are engaged in business in this district.

4. Plaintiffs request a trial by jury.

### III. THE PARTIES

5. Defendants, BMW SPORTSWEAR, INC. and GQ SPORTS, YOUSUF TABANI, individually and as President of BMW SPORTSWEAR, INC. and GQ SPORTS, and ESMAIL SOHDA, individually and as owner of SPORTSWEAR INC. and GQ SPORTS, (hereinafter "Defendants"), at all times material hereto, were engaged in the business of the sale of clothing to the general public. As such, Defendants' services meet the definition of an enterprise engaged in commerce as set forth by the Fair Labor Standards Act at 29 U.S.C. §203 (s)(1)(A). During all times material to this action, Defendants were persons acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and, therefore, were and are "employers" as defined under both the federal and state statutes relied upon herein, and as such, Plaintiffs' employers are jointly and severally liable for the unpaid wages and other relief sought pursuant to this action.

6. Plaintiff CALVIN MILLER (hereinafter "MILLER"), is a former hourly employee of Defendants, designated as a sales clerk employed in the sale of clothing, and was an "employee" as defined under both federal and state statutes upon which this action relies. As Defendants' employee, MILLER was also engaged in interstate commerce. MILLER's employment with the the Defendants terminated on October 19, 2007.

7. Plaintiff JAMES DENTON (hereinafter "DENTON"), is a former hourly employee of Defendants, designated as a sales clerk employed in the sale of clothing, and was an "employee" as defined under both federal and state statutes upon which this action relies. As Defendants' employee, DENTON was also engaged in interstate commerce. DENTON's employment with Defendants terminated on October 13, 2007.

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

## BACKGROUND

8. At all times material to this action, Plaintiffs were employed by Defendants as salesmen engaged in the sale of clothing, on or after the date three (3) years prior to the filing of this action, said employment being integral and indispensable to Defendants' business.

9. At the time MILLER's employment with Defendants ceased, on or about October 19, 2007, MILLER was being compensated at a rate of $55.00 per day for days of work that varied from eight and one-half (8 ½) hours to nine and one-half (9 ½) hours. MILLER worked five (5) days a week.

10. At the time DENTON's employment with the Defendants ceased on or about October 13, 2007, DENTON was being compensated at a rate of $60.00 per day for days of work that varied from eight and one half (8 ½) to nine and one-half (9 ½) hours. DENTON worked five (5) days a week.

11. At all times material to this action, Defendants have employed Plaintiffs for hours in excess of forty (40) during a work week without paying for those hours worked over forty (40) at a rate equaling one and one-half (1 ½) Plaintiffs' regular hourly rate of pay pursuant to the requirements of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*

12. Plaintiffs repeatedly made requests that Defendants' compensate him at a rate equaling one and one-half (1 ½) times the employee's regular hourly rate of pay for those hours worked over forty (40).

13. Defendants' failure to pay Plaintiffs for hours worked in excess of forty (40) during a work week at a rate equaling one and on-half (1 ½) times the employees' regular hourly rate of pay was willful.

14. At all times material to this action, Plaintiffs' rate of pay was inferior to that required by § 4(a)(1) of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*

15. At all times material to this action, Defendants' willfully and/or in bad faith refused and failed to pay the full amount of earned minimum wage pay and overtime wages to Plaintiffs

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

3

as required by the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*

16.   At all times material to this action, Defendants failed to maintain proper records of Plaintiffs' employment and hours pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/8, the Illinois Wage Payment and Collection Act, 820 ILCS 115/10.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-16.   Plaintiffs reallege paragraphs 1 through 16 as paragraphs 1 through 16 of this Count I.

17.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §207, Plaintiffs are entitled to compensation at a rate not less than one and one-half (1 ½) times their regular rate of pay for all hours worked in excess of forty (40) hours during any work week.

18.   Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act, and therefore continue a pattern of voluntary, deliberate, intentional, and willful violation of the Fair Labor Standards Act, with all hours in excess of forty (40) paid at the regular rate of pay, which regular rate falls short of that required under §207 of the Fair Labor Standards Act. Because the Defendants conduct was willful, they are responsible for unpaid overtime during the three (3) year period which precedes the filing of this action.

19.   Defendants have at all times material hereto failed and refused to pay compensation to Plaintiffs at the rate of one and one-half (1 ½) times his regular hourly wage rate for hours worked over forty (40) during a work week, as required by the FLSA.

20.   Defendants' conduct constitutes acts not taken in good faith or based upon reasonable grounds. Pursuant to 29 U.S.C. §260 Plaintiffs are entitled to liquidated damages equal to the amount of unpaid overtime compensation,

**WHEREFORE,** Plaintiffs request that this Court enter judgment in their favor and against Defendants and award the following relief:

(a)   Back pay to Plaintiffs equal to the amount of all unpaid overtime compensation for the three (3) years immediately preceding the filing of this Complaint, according to

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

the applicable statute of limitations;

(b)  Liquidated damages equal to the amount of unpaid overtime compensation;

(c)  Prejudgment interest with respect to the total amount of unpaid overtime compensation;

(d)  Reasonable attorneys fees, costs, and litigation expenses incurred in the filing and prosecution of this action; and

(e)  For such other and further relief as this Court deems just.

## COUNT II

### VIOLATION OF THE
### ILLINOIS MINIMUM WAGE LAW

1-16. Plaintiffs reallege paragraphs 1 through 16 of Count I as paragraphs 1 through 16 of this Count II.

17. The Illinois Minimum Wage Law provides that the minimum wage shall apply to hourly workers for all hours worked up to forty (40) during a work week, and that one and one-half times (1 ½) their regular rate of pay must be paid to employees who work more than forty (40) hours during a work week. 820 ILCS 105/4 and 105/4a.

18. The Illinois Minimum Wage Law provides that an employer shall keep and maintain, for a period of not less than three (3) years, "true and accurate records of the name, address and occupation of each of his employees, the rate of pay, and the amount paid each pay period to each employee...." 820 ILCS 105/8.

19. As employers of Plaintiffs, Defendants BMW SPORTSWEAR, INC. and GC SPORTS, YOUSUF TABANI, individually and as President of BMW SPORTSWEAR, INC. and GQ SPORTS, and ESMAIL SOHDA, individually and as owner of SPORTSWEAR, INC. and GQ SPORTS, are jointly and severally liable for the failure to pay overtime wages to Plaintiffs as complained of herein.

20. At all times material hereto, the Illinois Minimum Wage Law § 12(a) provided that an employer who fails to pay the required amount of wages due an employee under the law, shall

LAW OFFICES
GOLDMAN & EHRLICH
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

be liable to that underpaid employee for said unpaid wages and, in addition, for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date of payment during which such underpayments remain unpaid.

21.  Defendants' failure to maintain adequate records of Plaintiffs' employment is indicative of willfulness and/or bad faith. Defendants' failure to pay minimum wage and the overtime wages as described herein has been willful and/or in bad faith and merits the imposition of punitive damages.

**WHEREFORE,** Plaintiffs requests that this Court enter judgment in their favor and against defendants and award the following relief:

(a) Compensatory damages to Plaintiffs in the amount of all unpaid minimum wage and overtime pay, said overtime pay to be calculated at one and one-half (1 ½) times the employee's regular rate of pay;

(b) Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

(c) Reasonable attorneys fees, costs, and litigation expenses incurred in the filing and prosecution of this action; and

(d) Any other and further relief as this Court deems just.

## COUNT III

### VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-21. Plaintiffs reallege paragraphs 1 through 21 of Count II as paragraphs 1 through 21 of this Count III.

22.  At all times material to this action, the Illinois Wage Payment and Collection Act, Section 2, defined wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties..." Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses... and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties."

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828

23. The Illinois Wage Payment and Collection Act, Section 4, provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

24. The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

25. Defendants' refusal and failure to pay the full amount of earned minimum wage pay and overtime wages to Plaintiffs constitutes a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** the Plaintiffs requests that this Court enter judgment in their favor and against defendants and award the following relief:

(a) All unpaid minimum wage and overtime pay, said overtime pay to be calculated at one and one-half (1 ½) times the employee's regular rate of pay;

(b) Reasonable attorneys fees, costs, and litigation expenses incurred in the filing and prosecution of this action; and

(c) Such other and further relief as this Court deems just.

/s/ Jonathan C. Goldman
Jonathan C. Goldman of Goldman & Ehrlich,
as Attorneys for CALVIN MILLER and JAMES DENTON

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06210828