UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − **CM/ECF LIVE, Ver 3.2.1**
Eastern Division

Calvin Miller, et al.
                          Plaintiff,

v.                                             Case No.: 1:08−cv−00785
                                                       Honorable Suzanne B. Conlon

BMW Sportswear, Inc., et al.
                          Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, June 27, 2008:

      MINUTE entry before the Honorable Jeffrey Cole:On 5/6/08, Judge Conlon sent the case here to hold a settlement conference. On that same day, we set the case for status for 5/12/08. On that date, the parties appeared and the matter was continued at their request until 6/2/08. On 5/12/08, I set a settlement conference for 7/1/08, which was the earliest convenient date. [15]. That order provided that the parties were to refer to and follow my settlement conference procedures available on the court's website. Those procedures, like those of other judges and magistrate judges in this district, required that the parties provide brief statements and counter−statements of the facts of the case, the disputed and agreed issues and authority supporting their respective positions as well as a computation of damages. What I received in response were letters between the parties dated 2/29/08 and 5/29/08. The letter of 2/29/08, coming as it did months before the case was even referred here, could not and did not comport with my standing order regarding settlement procedures. No subsequent letter was ever sent and no attempt was made to comply with my standing orders regarding settlement. The defendant's letter of 5/29/08 discussed the claimed damages from the defendant's perspective but likewise made no settlement offer short of what the defendant claimed might be the amount owed −− assuming liability. Phrased differently, there is no "settlement" demand or offer in the letters. Given the relatively small amounts of money involved, these failures are not conducive to conducting an effective settlement conference. For that reason, I ordered the parties to have a face−to−face settlement conference. Hopefully, that will serve the function that should have been served by the exchange of letters pursuant to my procedures for settlement conferences. The importance of settlements in the federal court system cannot be overestimated See generally Marek v. Chesny, 473 U.S. 1 (1985). Most cases are settled rather than tried. However, although federal courts have the authority to require parties to engage in settlement discussions, they have no authority to force a settlement. Goss Graphics Sys., Inc. v. Dev Indus., Inc., 267 F.3d 624, 627 (7th Cir. 2001). If the parties want to duke it out, thats their privilege. I at 627−28. Mailed notice(cdh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.